## Carson v. Real Estate-Land Title & Trust Company et al.

*George Scott Stewart, Jr.,* for plaintiff.
*Wolf, Block, Schorr & Solis-Cohen,* for defendant.

FINLETTER, P. J., July 23, 1934.—The Workmen's Compensation Board made the following award: "Defendant, Real Estate-Land Title & Trust Company, by its insurance carrier, Constitution Indemnity Company, is ordered to pay the claimant, William J. Carson the sum of $5.20, &c."

An appeal taken by the insurance company to this court was dismissed, and judgment was entered against the insurance company. An appeal is said in the briefs to have been taken by the defendant employer. We have not the record before us, and knew nothing of such an appeal, except that it was not prosecuted before us.

Our judgment against the insurance company was affirmed on appeal to the Superior Court.

We do not agree that judgment was not entered against the defendant employer by inadvertence. All we and the Superior Court had before us was the appeal of the insurance carrier. This alone was dealt with, and the award against the employer defendant was left untouched.

The claimant has filed a petition that we enter judgment against the employer defendant.

To this the latter replies that the award was made solely against the insurance company; that the Workmen's Compensation Act provides that the insurance company is alone liable, when an employer provides insurance; and that the award in this case was against the insurance company and not against the employer.

The fact is exactly the reverse. The award is that the employer pay the claimant through the insurance company.

There is no merit in the first-mentioned proposition that insurance relieves the employer. The provision of the statute is that every employer liable to pay compensation shall insure payment, in one of three ways: (1) In the State Workmen's Insurance Fund; (2) in any insurance company; and (3) by his own financial ability shown by a method provided by the Act of June 2, 1915, P. L. 736, sec. 305; Act of April 7, 1921, P. L. 114, no. 67, sec. 1; Act of April 26, 1929, P. L. 829, sec. 2; 77 PS §501.

There is nothing in the statute which suggests any different relation between the employer and the insurance company than the idea usually connoted by these relations, that is, that the assured is primarily liable and the insurer is added as additional security for interested persons. The principal purpose of the act is to secure the injured employe compensation by his employer. To reach this end by exemption of the employer is wholly inconsistent.

It is true that section 20 of the Act of June 2, 1915, P. L. 762, provides that a subscriber to the State Insurance Fund shall be discharged from liability to pay compensation by taking certain proceedings under that section. No other method is provided by the act for shifting liability by the employer. This provision is a strong argument against the defendant-employer's position that insurance in any insurance company relieves the employer and shifts liability to the insurance company. The motive for section 20 is obviously the wish of the legislature to encourage membership in the insurance fund.

In defendant's argument on the subject of the three alternatives given the employer for securing payment, he says: "If an employer desires to retain responsibility and remain liable to the employe" he may take the third method and convince the board of his own financial responsibility. Defendant's approach to the subject is wrong. The purpose of setting up the three methods of securing payment to the employe is not to afford the employer a method of "retaining personal liability" but to secure the payment of the compensation. Under all three headings, the protection of the employe is the principal purpose. The employer always remains liable and must assure payment, by insurance, either in the State fund or a private company, or by convincing proof that he is financially so responsible that insurance is not necessary.

The purpose of the last situation is not to "retain personal liability" but to show that insurance is unnecessary.

We are of opinion therefore that the defendant-employer is still liable to the award, first, because it stands against him unappealed, and, second, because the statute imposes it.

We are somewhat disturbed about the practice adopted by the claimant. He has filed a petition to have us enter judgment against the defendant. He recites

the award and alleges that only part payment has been made. One trouble is that the record has gone back to the board, and that the method of entering a judgment in the common pleas on an award of the board has not been followed. That method is to file a certified copy of the award with the prothonotary, who then enters judgment: Act of June 2, 1915, P. L. 736, sec. 429; Act of June 26, 1919, P. L. 642, sec. 6; 77 PS §921.

The claimant will be entirely within his rights if he follows this course. The award on record with the Workmen's Compensation Board still stands effective against the defendant employer. If a certified copy is secured and filed with the prothonotary, judgment will be entered against the defendant for so much of the award as remains unpaid.

The rule before us is discharged without prejudice.